UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD T. MACKALL,

                Plaintiff,              Case No.: 12-cv -10302
                                                      Honorable Nancy G. Edmunds
v.                                                Magistrate Judge David R. Grand

UNITED STATES POSTAL SERVICE,

                Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANT'S MOTION TO DISMISS [2]

**I.    RECOMMENDATION**

Before the court is defendant United States Postal Service's ("USPS") Motion to Dismiss plaintiff Richard Mackall's *pro se* complaint [2]. This case has been referred to this court for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). For the following reasons, the court RECOMMENDS that defendant's motion be GRANTED.

**II.    REPORT**

    **A.    Background**

According to the complaint, on June 24, 2010, Mackall, a USPS employee, received verbal threats from a co-worker, which included being called a "dumb ass mother f___" and being told to "stop looking" at the other employee. (Cplt. at 6-7, 10-11).[1] Seven months later, on January 25, 2011, Mackall sought pre-complaint counseling with the Equal Employment Opportunity Commission ("EEOC") for the alleged "discrimination." Mackall received a notice

---

[1] In the version of his complaint attached to the USPS's motion to dismiss, Mackall alleged that the events occurred on two separate occasions, June 15, 2010, and June 24, 2010. These are also the dates incorporated into the EEOC and USPS decisions. Regardless of the exact time of these alleged statements, the court's analysis does not change.

of right to file an EEOC complaint on March 1, 2011, and he filed one against the USPS on March 6, 2011. (Def. Mot. Exh. 3 at 1).[2] This formal complaint was dismissed by the USPS for failure to timely seek EEOC counseling and for failure to allege sufficient allegations of discrimination. (Def. Mot. Exh. 2 at 2-3). Mackall appealed to the EEOC on April 26, 2011. (Def. Mot. Exh. 4 at 1). On October 19, 2011, the EEOC affirmed the USPS decision on the grounds that the allegations Mackall made in his complaint were not sufficient to state a claim for harassment. (*Id.* at 2). The EEOC declined to address the alternative basis for dismissal, namely the failure to timely seek counseling. (*Id.*).

On January 24, 2012, Mackall filed a complaint in this court, appealing the dismissal of his employment discrimination complaint by the EEOC [1]. Mackall alleges that the underlying facts of his EEOC case demonstrate that he was discriminated against by the USPS on account of his race through verbal threats by a co-worker. He seeks reconsideration of the EEOC decision to dismiss his complaint pursuant to Title VII of the Civil Rights Act.

The USPS filed a motion to dismiss Mackall's complaint for failure to state a claim upon which relief could be granted due to Mackall's failure to properly exhaust his administrative remedies and for failure to timely file suit in this court. The USPS alleges that Mackall's EEOC

---

[2] USPS attached a number of exhibits to its motion to dismiss, including Mackall's initial EEOC complaint, the USPS initial denial of Mackall's claim and the EEOC appeal decision. (*See* Def. Mot. Exh. 1, 2, 4). Federal Rule of Civil Procedure 12(d) provides that a motion pursuant to Rule 12(b)(6) must be treated as one for summary judgment under Rule 56 if matters outside the pleadings are considered. However, a court may consider "(1) any document attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice" without converting a Rule 12(b)(6) motion into a Rule 56 motion. *Dobrksi v. Ford Motor Co.*, No. 09-063, 698 F. Supp. 2d 966, 974 (N.D. Ohio 2010). Here, the documents are central to Mackall's allegations, and, since he is appealing a denial of his complaint, are incorporated by reference, even if not explicitly so. Thus, the court can consider these documents as part of the pleadings.

complaint was properly dismissed because he failed to seek EEOC counseling within forty-five days of the alleged discriminatory actions and that he further failed to file suit in this court within 90 days of the EEOC's denial of his administrative appeal, as required by statute.

On April 11, 2012, this court issued an order requiring Mackall to respond to USPS's motion to dismiss, giving him until April 23, 2012, to do so. [9]. Despite this, Mackall failed to file a response to USPS's motion. Therefore the court finds, pursuant to Local Rule 7.1, the motion is ripe for consideration and that a hearing is unnecessary.

### B. Analysis

Because Mackall failed to respond to USPS's motion this court could conceivably grant it as "unopposed." *See Live National Worldwide, Inc.*, *v. Hillside Prods.*, 2012 U.S. Dist. LEXIS 43624 at *8, 2012 WL 1068117 (E.D. Mich. March 29, 2012); *Carter v. Kirklin*, 2012 U.S. Dist. LEXIS 27806 at *2 (E.D. Mich. March 2, 2012). However, the court also finds that the motion should be granted on its merits, which are discussed below.

#### i. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) requires an assessment of whether the party asserting a claim has set forth sufficient allegations that would permit the court to grant it relief. In order to analyze a complaint under this rule, the court must construe the pleadings in favor of the party asserting the claim, accept the factual allegations contained in the pleading as true, and determine whether those allegations present a plausible claim. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). While *pro se* plaintiffs' complaints are held to a lesser standard than those drafted by attorneys, this does not relieve them from the duty to "plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 U.S. Dist. LEXIS 34441, 2011 WL 1233200, at *3 (E.D. Mich. March 30, 2011). Furthermore,

the Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### ii. USPS's Motion to Dismiss Should be Granted

The Sixth Circuit has stated that, in permitting federal employees to sue under Title VII, "Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'" *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) *quoting Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833 (1976).  As the Sixth Circuit has explained, "[t]he right to bring an action under Title VII regarding equal employment [opportunity] in the federal government is predicated upon the timely exhaustion of administrative remedies, as set forth in [the EEOC regulations]." *Hunter v. Secretary of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) (quoting *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir.1991)).  42 U.S.C. §2000e-16(c) requires that an aggrieved person, upon receiving a final decision of the EEOC on his or her claim, must file suit in district court within 90 days of receipt of that decision.  Unlike other time limit requirements under Title VII, "equitable tolling of the time limit for filing an employment discrimination action is only warranted in exceptional circumstances, such as inadequate notice to the complainant or misleading by the court or the defendant." *Aaron v. Bob Evans Restaurant*, 477 F. Supp. 2d 853, 858 (N.D. Ohio 2007) citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149-50 (1984).

Here, the EEOC's decision was final as of October 19, 2011, and the certificate of mailing of that decision stated that the "Commission will presume that this decision was received within five (5) calendar days after it was mailed." (Def. Mot. Exh. 5 at 4).  Thus, as Mackall has

not responded to USPS's motion to dismiss alleging to the contrary, he is presumed to have received that decision by no later than October 24, 2011, and he was required to file his complaint no later than Monday, January 23, 2012.[3] However, he did not file his complaint in this court until January 24, 2012. As many courts have held "Title VII's [90] day period applies to *pro* se plaintiffs, and even one day's delay is fatal to a claim." *Burton v. DTE Coke Operations, LLC*, No. 10-14085, 2011 U.S. Dist. LEXIS 77555 at *4-5 (E.D. Mich. June 27, 2011) *adopted by* 2011 U.S. Dist. LEXIS 77556 (E.D. Mich. July 18, 2011) *quoting Williams v. Sears Roebuck & Co.*, 143 F. Supp.3 d 941 (W.D. Tenn. 2001); *see also Anooya v. Hilton Hotels Corp.*, 733 F. 2d 48, 49 (7th Cir. 1984); *Wilson v. Doctors Hosp. of Hyde Park*, 909 F. Supp. 580, 581 (N.D. Ill. 1996) (collecting cases). Thus, absent "exceptional circumstances," Mackall's claims are barred from consideration.

There is no indication in the record or pleadings of grounds for excusing, or tolling, application of the time limit requirement set forth above. The duty to demonstrate facts supporting tolling was Mackall's, but he failed to oppose the motion to dismiss. *See Anderson v. Holliday*, No. 10-508, 2010 U.S. Dist. LEXIS 92544 at *6, 2010 WL 3522465 (S.D. Ohio Sept. 7. 2010). Furthermore, the EEOC, in its adverse decision, specifically laid out the requirements necessary for Mackall to file suit against the USPS. (Def. Mot. Exh. 5 at 3). The Supreme Court in *Baldwin* held there was no basis for the application of equitable tolling where the EEOC specifically informs the plaintiff of the 90 day requirement; "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin*, 466 U.S. at 151.

---

[3] Commencing the counting on October 25, 2011, Fed. R. Civ. P. 6(a)(1)(A), 90 days would have fallen on January 22, 2012. However, because that was a Sunday, Mackall had until the next business day – Monday, January 23, 2012 – to file his complaint. Fed. R. Civ. P. 6(a)(1)(C).

Accordingly, USPS's motion to dismiss should be granted.[4]

**C.  Conclusion**

For the foregoing reasons, the court **RECOMMENDS** that USPS's Motion to Dismiss [2] be **GRANTED** and that Mackall's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted.

Dated: May 2, 2012                                    s/David R. Grand
Ann Arbor, Michigan                                DAVID R. GRAND
                                                                United States Magistrate Judge


**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with

---

[4] Because the court finds that Mackall's complaint should be dismissed for failure to timely file before this court, it does not address USPS's alternative argument that his complaint should be dismissed for failure to comply with the 45-day counseling requirement set out in 29 C.F.R. § 1614.105(a)(1).

a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2012.

                                       s/Felicia M. Moses
                                       FELICIA M. MOSES
                                       Case Manager